The document below is hereby signed.

Signed: December 10, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| FRANCK M. DEROSE, | ) | Case No. 08-00461 |
| | ) | (Chapter 13) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER ADDRESSING CONDOMINIUM
ASSOCIATION'S MOTION TO DISMISS AND SETTING DEADLINE
<u>FOR THE DEBTOR TO SUPPLEMENT HIS OPPOSITION TO THAT MOTION</u>

The Larkin Condominium Owners' Association has moved to dismiss this case because the debtor has failed to pay the postpetition condominium assessments and related charges that came due postpetition and that were, according to it, required to be paid under the debtor's confirmed plan. It notes that another creditor, GMAC, has foreclosed on the debtor's condominium unit postpetition.

I

In opposing the motion, the debtor states that the Association filed a secured claim in the case and that:

> 2. Debtor acknowledges not having made said payments, but states that he vacated the unit, and surrendered any interest he had therein, prior to filing bankruptcy.

      3. Debtor's Plan provides for Larkin's claim to be treated outside the plan by the surrender of the secured property, which, as stated above, occurred prior to the filing of debtor's bankruptcy case. Larkin did not object to confirmation of said plan.

Oppos. at ¶¶ 2 and 3.

The debtor's contention as to what the confirmed plan provided is unfounded. The confirmed plan provided:

> **DIRECT PAYMENTS:** THE DEBTOR SHALL PAY DIRECTLY THE FOLLOWING CLAIMS, TO THE EXTENT THEY ARE 11 U.S.C. § 1322(b)(5) CLAIMS (THE FINAL PAYMENT UNDER THE PLAN BEING TREATED AS DUE IN 60 MONTHS) OR ARE ALLOWED SECURED CLAIMS (SUBJECT TO THE PROVISIONS OF HANGING PARAGRAPH OF 11 U.S.C. §1325(a)(5), IF APPLICABLE) . . .:
> . . . LARKIN.

Other claims, with exceptions of no relevance here, were to be paid in full with interest by the chapter 13 trustee via distributions from the debtor's plan payments.

The debtor has not suggested that he has the ability both to make payments directly to the Association of its claims and to continue making plan payments at the current level. Nor has he suggested that he would have the ability to make the increased plan payments that might be necessary if the claim (to the extent an allowed unsecured claim) were to be paid through the chapter 13 plan. Nor has the debtor consented to lifting of the automatic stay so that the Association can proceed to collect its claim, while avoiding dismissal of the case and completing his plan at least with respect to those claims whose payment *was* provided for by the plan.

II

The existing plan may very well provide for payment of the Association's claim via distributions under the plan if the claim were to be treated as an allowed unsecured claim.  It is necessary to address whether the Association's claim is an allowed secured claim (and will remain such) and whether it is alternatively a § 1322(b)(5) claim.

<u>Allowed Secured Claim</u>.  Although the Association filed a proof of claim asserting that its claim was an allowed secured claim, its motion now includes a Statement of Account showing that it received no payments from the proceeds of the foreclosure sale by GMAC, and that the claim now stands at $51,374.33.  Its proof of claim asserted a $30,301.62 prepetition claim.  The claim obviously is not now a secured claim, and the Association could file an amended proof of claim asserting an unsecured claim.  (Alternatively, the debtor could object to the proof of claim in order to establish that the claim is an unsecured claim.)  The allowable unsecured claim would cover at a minimum the $30,301.62 owed to the Association prepetition, and would additionally cover any part of the postpetition claim that is

3

allowable.[1]  Whatever the precise amount of the allowable unsecured claim, it is a substantial additional sum to have to deal with under a plan.  The debtor has not alleged that he has the ability to pay all allowed unsecured claims (including the Association's allowed unsecured claim) in full as required by his current plan, and he has not addressed whether he would be entitled to obtain approval of a modified plan in order to provide for less than full payment of all claims.[2]

§ 1322(b)(5) Claim.  Is the Association's claim a "claim on which the last payment is due after the date on which the final payment under the plan is due" within the meaning of 11 U.S.C. § 1322(b)(5)?  Whatever the answer to that question, the debtor has not adequately responded to the motion to dismiss.

---

[1]  Postpetition interest is a category of the postpetition claim that, in light of 11 U.S.C. § 502(b)(1), there is an issue as to its allowability.  In addition, there is an issue whether the Association can claim postpetition legal fees.  *See  In re WCS Enterprises, Inc.*, 381 B.R. 206 (Bankr. E.D. Va. 2007).  Without deciding the issue, I assume that at least the postpetition condominium dues themselves could be asserted and allowed as an unsecured claim.

[2]  In deciding whether to continue opposing the motion to dismiss, the debtor may wish to consider whether a chapter 13 discharge would apply to the postpetition condominium association dues (if provided for under a modified plan providing for less than full payment), and whether by reason of 11 U.S.C. § 348(d) those postpetition dues would become dischargeable despite 11 U.S.C. § 523(a)(16) if he converted his case to chapter 7.  *See In re Spencer*, 437 B.R. 563 (Bankr. E.D. Mich. 2010), as an example of a recent decision that has wrestled with such issues.  I have not attempted to wade through those issues, which are not before me, and do not mean to suggest, one way or the other, whether *In re Spencer* is analytically sound.

If the claim *is* a § 1322(b)(5) claim, the debtor agreed to pay the claim directly, and either dismissal or relief from the automatic stay would seem to be appropriate (although section 362 relief was not sought), unless the debtor were to modify his plan to provide for the payment of the claim via plan distributions from the Chapter 13 trustee.  The debtor has failed to address whether he could modify his plan.

If the claim is *not* a § 1322(b)(5) claim, then the claim must either be paid directly (if allowed to remain an allowed secured claim by reason of lack of amendment or failure of anyone to object to the proof of claim) or must be paid inside the plan as an allowed unsecured claim (assuming the creditor files an amended proof of claim or the debtor objects to the proof of claim to convert it to an allowed unsecured claim), and the debtor (as noted already) has failed to address how he can appropriately address that claim as an allowed unsecured claim.

III

In light of the foregoing, it is

ORDERED that by December 27, 2010, the debtor shall supplement his opposition to show cause, if any he has, why the motion to dismiss ought not be granted in light of the foregoing analysis.  It is further

ORDERED that if the debtor wishes to continue to oppose the motion to dismiss, the debtor shall promptly take any steps that

are necessary in order for him to successfully oppose the motion: if he needs to file an objection to the proof of claim or needs to file a motion to modify his plan (assuming such a motion would meet the standards of Rule 9011), he must file those in sufficient time that they can be addressed at the hearing on the motion to dismiss (and in order to permit the matters to be heard at the hearing on the motion to dismiss, the debtor may give notice that the time for responding to such a motion to modify or such an objection to claim has been shortened to 14 days after filing).  It is further

    ORDERED that if the motion to dismiss is not disposed of beforehand, a hearing on the motion to dismiss will be held on January 14, 2011, at 11:00 a.m.

                                                      [Signed and dated above.]

Copies to: Debtor; Jane Saindon Rogers; all e-recipients of notices of electronic filings.